People v Compton (2024 NY Slip Op 50618(U))

[*1]

People v Compton

2024 NY Slip Op 50618(U)

Decided on May 23, 2024

Justice Court Of The Town Of Newburgh, Orange County

Clarino, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 23, 2024
Justice Court of the Town of Newburgh, Orange County

The People of the State of New York,

against
Christopher P. Compton, Defendant.

Docket No. 22100078

Defendant's Attorney:
LEGAL AID SOCIETY OF ORANGE COUNTY
P.O. Box 328. 14 Scotchtown Road
Goshen, NY 10924
People's Attorney:
ORANGE COUNTY DISTRICT ATTORNEY
255-275 Main Street
Goshen, NY 10924

Richard Clarino, J.

Upon the Notice of Motion to Dismiss dated May 7, 2024, submitted by Raymond D. Sprowls, Esq., of the Legal Aid Society of Orange County, attorney for defendant, the Motion to Dismiss Pursuant to CPL §30.10 dated May 7, 2023, submitted by Daniel M. Steyskal, Esq., Assistant District Attorney, and upon all the papers and proceedings previously filed and held herein, the motions are decided as follows:
Defendant's attorney and the District Attorney move to dismiss pursuant to CPL §§ 30.10.
On April 20, 2022, felony complaints were filed charging defendant with Grand Larceny in the Third Degree (Penal Law §155.35) and Falsifying Business Records in the First Degree (Penal Law §175.10). It was alleged that on May 12, 2018 defendant unlawfully obtained $10,350.00 in unemployment insurance benefits from the State of New York by falsely reporting that he was unemployed when, in fact, he was employed. The action was timely commenced within the five-year statute of limitations.
On April 28, 2023, over six months after defendant was arraigned, the District Attorney filed a prosecutor's information reducing the felony charges to Petit Larceny (Penal Law §155.25) and Falsifying Business Records in the Second Degree (Penal Law §170.05[1]). At the same time, Assistant District Attorney Daniel M. Steyskal filed a Certificate of Facial Sufficiency of Accusatory Instrument certifying that the prosecutor's information was sufficient and met the requirements of CPL §100.15 and §100.40. Following pre-trial proceedings and a pre-trial conference the court scheduled the matter for trial. A jury was summoned to appear on May 14, [*2]2024.
On May 7, 2024, defendant's attorney filed a motion to dismiss. The District Attorney also submitted a motion to dismiss dated May 7, 2024. Despite the filing of the Certificate of Facial Sufficiency, the District Attorney now concedes that the prosecution of the misdemeanor charges set forth in the prosecutor's information is time-barred because the criminal action was commenced more than two years after the reduced crimes were allegedly committed.
Pursuant to Penal Law §30.10(2)(c), misdemeanor prosecutions must be commenced within two years from the date of the offense. In this case, although the felony charges were timely filed by the State Police, the misdemeanor charges alleged in the prosecutor's information could not have been timely filed as of the date of the felony complaint because the statute of limitations expired on May 12, 2020 almost two years before this action was commenced (See, People v Hines, 284 NY 93). 
Had the District Attorney presented the felony charges to a Grand Jury and an indictment been filed, the criminal action could have been decided on its merits and defendant may have been held accountable for his alleged criminal conduct. Instead, the District Attorney chose to reduce the charges and, by doing so, sealed the fate of this case. The action is now time-barred and must be dismissed.
Based on the foregoing the motions are granted and the prosecutor's information is dismissed.
Dated: May 23, 2024
Newburgh, New York
HON. RICHARD CLARINO
Town Justice, Town of Newburgh